IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TOYOTA INDUSTRIAL EQUIPMENT )<br>MFG., INC., TOYOTA MATERIAL )<br>HANDLING NORTH AMERICA, INC. and )<br>THE RAYMOND CORPORATION, )<br>   )<br>        Plaintiffs, )<br>   v.   ) | CASE NO. 1:14-cv-01049-JMS-TAB |
| DAVID K. LAND and LINDE MATERIAL )<br>HANDLING NORTH AMERICA )<br>CORPORATION, )<br>   )<br>        Defendants. ) | |

**PRELIMINARY INJUNCTION**

Plaintiffs Toyota Industrial Equipment Mfg. Inc., Toyota Material Handling North America, Inc., and The Raymond Corporation (collectively "Plaintiffs") have shown that Defendant David K. Land ("Land") took confidential information, documents, and trade secrets belonging to Plaintiffs and that his disclosure of those documents would cause Plaintiffs to suffer irreparable harm for which there is no adequate remedy at law.

The evidence presented at the hearing on Plaintiffs' Motion for Temporary Restraining Order conducted on June 25, 2014, the exhibits attached to Plaintiffs' Brief in Support of Motion for Temporary Restraining Order, the evidence presented at the hearing on extending Plaintiffs' Motion for Temporary Restraining Order on July 8, 2014, and the exhibits attached to Plaintiffs' Brief in Support of Motion for Preliminary Injunction establish that Land downloaded confidential documents containing trade secrets about Plaintiffs and their affiliates on topics including product design, development, and testing, as well as non-public financial information, to a Google Drive under his control before he left his job at Toyota Industrial Equipment Mfg. Inc. ("TIEM"). Land

continued to access those documents after being served with the lawsuit and after the Court conducted a hearing on the Motion for Temporary Restraining Order.

Land is now employed by one of Plaintiffs' direct competitors—Linde Material Handling North America, Inc. ("Linde"). Because Land had—and may still have—access to confidential information and trade secrets that, if disclosed to Linde, would place Plaintiffs at an unfair competitive disadvantage, Land will be prohibited from working for Linde until such time as the Court is satisfied that Land no longer possesses or has access to the documents in question.

The Court, therefore, ORDERS, as follows:

1. For purposes of this Preliminary Injunction, the term "Confidential Information" means all documents (in paper, electronic, or any form) and information belonging to Toyota Industrial Equipment Mfg., Inc., Toyota Industries Corporation, Toyota Material Handling North America, Inc., Toyota Material Handling, U.S.A., Inc., and/or The Raymond Corporation (collectively "Toyota"), that were treated as confidential by Toyota, constitute a trade secret, are not accessible by proper means to persons outside Toyota, or are designated as confidential on their face. Confidential Information includes any documents derived from Toyota's Confidential Information. Confidential Information does not include publicly available information or any information concerning Land's salary and benefits at TIEM, including pay stubs, employee benefit plan information, or tax documents.

2. Land shall promptly identify the location of and return to Plaintiffs all Confidential Information (including all copies of Confidential Information) and shall cooperate with Plaintiffs to recover all Confidential Information or related records. Land shall not modify, delete, or tamper with any Confidential Information.

3. Land shall not:

   (A) use any Confidential Information;

   (B) transmit any Confidential Information to any person other than an authorized representative of Toyota;

   (C) copy any Confidential Information;

   (D) disclose any Confidential Information to any person other than an authorized representative of Toyota;

   (E) hold, hide, or retain Confidential Information; or

   (F) create or possess any documents or other works derived from Confidential Information.

4. Land shall not:

   (A) enter any facility owned, leased, or operated by Linde;

   (B) provide any services to Linde, whether as an employee, consultant, advisor, or independent contractor;

   (C) use any of Linde's property, including, but not limited to, Linde's company files, confidential information, business plans, engineering documents, e-mail accounts, computers, servers, document storage devices, telephones, mobile phones, or PDAs; or

   (D) communicate with Linde, except through the law firm K&L Gates LLP.

5. Plaintiffs shall provide a bond in the amount of $50,000.

07/21/2014

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Michele Lorbieski Anderson
manderson@fbtlaw.com

Darren A. Craig
dcraig@fbtlaw.com

James Dimos
jdimos@fbtlaw.com

Mark R. Waterfill
mwaterfill@beneschlaw.com

J. Walker Coleman
walker.coleman@klgates.com

Jennifer H. Thiem
jennifer.thiem@klgates.com

Peter G. Rush
peter.rush@klgates.com