# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| TOYOTA INDUSTRIAL EQUIPMENT MFG., INC., TOYOTA MATERIAL HANDLING NORTH AMERICA, INC. and THE RAYMOND CORPORATION,<br><br>      Plaintiffs,<br>  v.<br><br>DAVID K. LAND,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 1:14-cv-01049-JMS-TAB<br>)<br>)<br>)<br>) |

## AGREED FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs Toyota Industrial Equipment Mfg., Inc., Toyota Material Handling North America, Inc., and The Raymond Corporation ("**Plaintiffs**"), together with Defendant David K. Land ("**Land**"), have agreed to entry of this Final Judgment and Permanent Injunction ("**Order**"). Land acknowledges that he copied Confidential Information (as defined below) to online storage drives and portable storage drives. Land represents and warrants that he has not used or shared the Confidential Information he copied with any third party, except the providers of the online storage drives he used.

In light of Land's acknowledgements, representations, and warranties, as well as the evidence established by Plaintiffs in this lawsuit, the Court enters this Order. Further factual support for this Order is set forth in the Findings of Fact and Conclusions of Law entered on July 18, 2014. (Document 48.)

### Definitions

Terms defined in the first paragraph of this Order have the meanings assigned to them there, and each of the following terms has the meaning assigned below.

Exhibit 1

"**Owners**" means, collectively: Toyota Industrial Equipment Mfg., Inc., an Indiana corporation; Toyota Industries Corporation, a Japanese corporation; Toyota Material Handling North America, Inc., an Indiana corporation; Toyota Material Handling, U.S.A., Inc., a California corporation; and The Raymond Corporation, a New York corporation.

"**Document**" means any and all paper or other tangible media, as well as electronic media content (other than computer programs or system files) that are intended to be used in either an electronic form or as printed output. Document includes, but is not limited to, electronic mail, text messages, facsimiles, instant messages, calendar entries, contacts, voicemail messages, word processing documents, spreadsheets, financial statements, presentations, databases, photographs, drawings, pictures, videos, and all other written, graphic, or electronic materials. A draft or non-identical copy of a Document is a separate Document within the meaning of this term.

"**Confidential Information**" means all Documents and information belonging to any Owner that were treated as confidential by Owners, constitute a trade secret, are not accessible by proper means to persons outside Owners, or are designated as confidential on their face. Confidential Information includes any Documents derived from Owners' Confidential Information. Confidential Information does not include publicly available information or any information concerning Land's salary and benefits, including pay stubs, employee benefit plan information, or tax documents.

## The Court Has Subject Matter Jurisdiction

Land filed a Motion to Dismiss for Lack of Federal Subject Matter Jurisdiction but later withdrew that Motion. The Court finds that it has subject matter jurisdiction over this case because on the day Plaintiffs filed the lawsuit, Land had moved to South Carolina and intended

to remain there indefinitely. Land leased a home in South Carolina and was actively trying to sell his home in Indiana because he did not plan to return to Indiana. Therefore, Land was a citizen of South Carolina when Plaintiffs filed the lawsuit.

Plaintiff Toyota Industrial Equipment Mfg., Inc. is a citizen of Indiana because it is an Indiana corporation with its principal place of business in Indiana; Plaintiff Toyota Material Handling North America, Inc. is a citizen of Indiana because it is an Indiana corporation with its principal place of business in Indiana; Plaintiff The Raymond Corporation is a citizen of New York because it is a New York corporation with its principal place of business in New York. Accordingly, there is complete diversity of citizenship between the parties.

The amount in controversy exceeds $75,000, exclusive of interest and costs. The value of the injunction to Plaintiffs exceeds $75,000 because they face a loss far in excess of $75,000 if Land is not restrained from disclosing their Confidential Information. Further, Plaintiffs have incurred more than $75,000 in expenses to investigate and recover Land's conversion of their property and misappropriation of their trade secrets.

**Deletion of Documents from E-mail Accounts and Online Storage Accounts**

No later than seven days after entry of this Order, David Land shall provide Louis Scharringhausen with the passwords to all e-mail accounts and online storage accounts he has. The e-mail accounts include, but are not necessarily limited to: Dland007@gmail.com; Dave.land66@gmail.com; Dvland2010@gmail.com; pianoman10510@gmail.com; dland@alumni.rose-hulman.edu; dave.land@lawntrax.com. The online storage accounts include, but are not necessarily limited to: Google Drive, Dropbox, Ubuntu, and JustCloud. Mr. Scharringhausen will delete all Documents from those e-mail accounts and online storage accounts, except those identified by Land. For the Documents Land instructs Mr.

Scharringhausen not to delete, Owners will have the opportunity to inspect those documents to confirm they do not contain Owners' Confidential Information. If Owners determine those documents contain Confidential Information, Mr. Scharringhausen will delete them.

**Deletion of Documents from Computers, Tablets, Mobile Phones, and Storage Devices**

At the same time Land provides the passwords described in the preceding paragraph, he shall provide Mr. Scharringhausen, with all computers, tablets, mobile phones, and storage devices that Land owns, possesses, or has control over. Mr. Scharringhausen will delete all Documents from those devices, except those identified by Land. For the Documents Land instructs Mr. Scharringhausen not to delete, Owners will have the opportunity to inspect those Documents to confirm they do not contain Owners' Confidential Information. If Owners determine those Documents contain Confidential Information, Mr. Scharringhausen will delete them. For portable storage devices, Mr. Scharringhausen may replace the devices Land provides to him with devices of equal or greater storage capacity and copy onto those devices Documents that Land wants to retain that do not contain Confidential Information. For the devices for which Mr. Scharringhausen provides replacement devices, Mr. Scharringhausen will securely destroy the devices Land provides to him. The activity described in this paragraph will take place at Benesch Friedlander Coplan & Aronoff LLP, One American Square, Suite 2300, Indianapolis, Indiana 46282-0018. Land, Mr. Scharringhausen, employees of Owners, and counsel for Plaintiffs and Land, may attend the deletion.

**Treatment of Confidential Information**

Land shall not, at any time in the future:

1. use any Confidential Information;

2. transmit any Confidential Information to any person other than an authorized representative of Owners;

3. copy any Confidential Information;

4. disclose any Confidential Information to any person other than an authorized representative of Owners;

5. hold, hide, or retain Confidential Information; or

6. create, possess, or control any documents or other works derived from Confidential Information.

## Restrictive Employment Covenants

For a period of 50 months from the entry of this Order, Land shall not, directly or indirectly, work as an engineer or in any management role whatsoever (in any capacity, including as a consultant) for any company that designs, manufactures, or distributes lift trucks. Those companies include, but are not necessarily limited to the following companies, including those companies' parents, subsidiaries, and any entity in which those companies own a greater than 50% interest:

1. Anhui Forklift Group;

2. Bolzoni Auramo Group;

3. Cascade Corporation;

4. Clark Material Handling;

5. Crown Equipment Corp;

6. Doosan Infacore;

7. Hoist Liftruck Mfg, Inc.

8. Hytsu;

9. Hyundai Heavy Industries;

10. Jungheinrich Lift Truck Corporation;

11. Kion Group;

12. Komatsu Utility Co.;

13. Mitsubishi Caterpillar Forklift;

14. NACCO Industries;

15. Ningbo Ruyi Joint Stock Co., Ltd.;

16. Nissan Forklift Corp.;

17. Rightline Equipment Inc.;

18. Tailift;

19. Taylor Machine Works, Inc.;

20. TCM Corporation;

21. Zhejang Hangcha Engineering Machinery Co.

Additionally, for a period of 50 months from the entry of this Order, Land shall not serve as a consultant or expert witness for any party who is engaged in litigation against Owners.

## Satisfaction of Monetary Claims Arising From This Lawsuit

Land shall pay Plaintiffs in accordance with an Installment Promissory Note. Land shall execute that Installment Promissory Note no later than seven days after entry of this Order. Plaintiffs shall not seek any damages from Land, except for the payments and remedies provided in the Installment Promissory Note.

## Retention of Jurisdiction

The Court retains jurisdiction to enforce this Order.

Date: _____

                                                     Hon. Jane Magnus-Stinson, Judge
                                                     United States District Court
                                                     Southern District of Indiana

Distribution:

Michele Lorbieski Anderson
manderson@fbtlaw.com

Darren A. Craig
dcraig@fbtlaw.com

James Dimos
jdimos@fbtlaw.com

Mark R. Waterfill
mwaterfill@beneschlaw.com